STENDELL ET AL. *v.* NOAK.

## Henry Stendell et al. v. William Noak.

*Practice in the Supreme Court.* If no error appears in the record of a case brought into this Court by writ of error, the judgment of the Court below will be affirmed.

*Heard October 27. Decided October 28.*

Error to Wayne Circuit.

William Noak brought his action before a Justice of the Peace for Wayne County against Henry Stendell, Louis Stendell and Mrs. Anna Stendell, and declared in an action of trespass on the case :

"For that whereas, heretofore, to wit ; at the city of Detroit, on or about the 6th day of December, 1867, the said plaintiff was, before and at the time of committing the grievance, and still is, the owner of a certain dwelling house on a lot situated in said city of Detroit, on Lafayette street, in said city. Nevertheless the said defendants, intending wrongfully and unjustly to injure and aggrieve the plaintiff, willfully and with force and arms entered upon said premises and tore and sawed down a fence twenty feet in height and a portion of the kitchen belonging to the plaintiff, and utterly destroyed the same, and by reason thereof, and in consequence of said injury so committed, the plaintiff has been deprived of the use of his said kitchen and the benefit of his said fence for a long space of time, to wit, two months ; and therefore he files this declaration and claims damages one hundred dollars."

The defendants pleaded the general issue, and gave notice that said fence was built upon defendants premises and became a public and common nuisance.

The plaintiff recovered a judgment of five dollars ; which was carried by appeal to the Circuit Court for the County of Wayne where he recovered a judgment of thirty-five dollars. The defendants below now bring the case into this Court ; and assign for error :

" 1. That said declaration is uncertain and insufficient, for the reason that it does not properly describe by metes and bounds, or otherwise, the lot or premises upon which the said supposed grievance was alleged to have been committed.

" 2. That the said declaration is uncertain and insufficient, for the reason that it does not state the time when the said grievance was supposed to have been committed.

" 3. That said judgment was rendered as in an action of trespass, and therefore erroneous, for the reason that the said declaration only claims damages for being deprived of the use and benefit for the space of two months of the premises and appurtenances alleged to have been destroyed."

*S. Larned* and *F. A. Baker*, for plaintiffs in error.

*B. T. Prentis*, for defendant in error.

COOLEY CH. J.

All the questions argued in this case are questions which could only be raised by bill of exceptions. As no such exceptions appear, the judgment is affirmed with costs.

The other Justices concurred.